**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6494**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

LIAL DONNELL MCKOY, a/k/a Goo, a/k/a Lial Darnell Othetlo McKoy,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:09-cr-00259-FL-3; 5:12-cv-00548-FL)

Submitted: June 27, 2017               Decided: February 7, 2018

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Lial Donnell McKoy, Appellant Pro Se. Jennifer P. May-Parker, Seth Morgan Wood, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lial Donnell McKoy filed a notice of appeal under his criminal case number. Affording McKoy's notice of appeal and informal appellate brief liberal construction, *see Jackson v. Lightsey*, 775 F.3d 170, 176-77 (4th Cir. 2014) (discussing construction of pro se notice of appeal), we construe McKoy's notice of appeal as seeking appellate review of both his criminal judgment and the order dismissing his numerically first 28 U.S.C. § 2255 (2012) motion. For the reasons that follow, we dismiss the appeal.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). A defendant's failure to adhere to the time limitations under Rule 4(b) does not deprive this court of jurisdiction over his criminal appeal. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). However, we possess the inherent authority to sua sponte invoke Rule 4(b)'s time bar in certain limited, exceptional circumstances necessary to preserve the finality of criminal judgments and the efficiency and fairness of the judicial system. *United States v. Oliver*, __ F.3d __, No. 15-4376, 2017 WL 6505851, at *3, *6 (4th Cir. Dec. 20, 2017).

In civil cases in which the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R.

2

App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

McKoy's criminal judgment, which is dated January 21, 2011, was entered on the docket, at the latest, on February 4, 2011. The district court's order denying McKoy's first § 2255 motion was entered on the docket on January 21, 2014. The notice of appeal was filed on March 20, 2017.[*] McKoy failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period. Thus, to the extent McKoy seeks to appeal the district court's order dismissing his first § 2255 motion, we lack jurisdiction over the appeal because the notice of appeal was not timely filed. Further, because McKoy's criminal appeal was filed years after he received a complete round of collateral review of his criminal judgment, we exercise our inherent power to sua sponte dismiss the appeal, insofar as McKoy seeks to appeal his criminal judgment. *See Oliver*, 2017 WL 6505851, at *5-6.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).